(No. 14114.—Judgment affirmed.)

THE CHICAGO AND ALTON RAILROAD COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (MARTHA DRISCHEL *et al.* Plaintiffs in Error.)

*Opinion filed December 22, 1921.*

WORKMEN'S COMPENSATION—*when injury and death of an employee do not arise out of and in course of employment as custodian of property.* Where an employee of a railroad company is required to live at a pumping station to see that water is pumped into tanks for the use of engines and to take care of his employer's property, his injury and death as a result of being shot during an altercation with certain men who refused to pay for a can of the company's gasoline which they had induced him to sell to them but which he was not authorized to sell, do not arise out of and in the course of his employment.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding.

E. A. PERRY, for plaintiffs in error.

PATTON & PATTON, (WILLIAM L. PATTON, HENRY L. PATTON, and SILAS H. STRAWN, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This writ of error was granted for the purpose of reviewing a judgment of the circuit court of Sangamon county confirming the action of the Industrial Commission in denying compensation under the Workmen's Compensation act to plaintiffs in error. John H. Drischel, an employee of defendant in error, was shot and killed at the place of his employment on the night of August 11, 1917. He left a widow and two dependent children, who filed an application with the Industrial Commission for compensation. At the hearing before an arbitrator compensation was denied on the ground that the deceased and his employer were at

the time engaged in interstate commerce, and the arbitrator made an order dismissing the application for want of jurisdiction.   On a review by the Industrial Commission of the decision of the arbitrator the commission held the parties were subject to the Workmen's Compensation act but that the injury causing the death did not arise out of and in the course of the employment and denied the application for compensation.   The circuit court confirmed the decision of the Industrial Commission, and this court granted applicants' petition for a writ of error.

Deceased had been employed about nine years at the pumping plant of defendant in error at a pumping station where its railroad crosses the Sangamon river.   His duties were to pump water into a tank for engines of both passenger and freight trains.   Deceased lived in a building at the pumping station.   Gasoline was kept in another building at the station to run the pump engine and also for use of deceased in cooking but not for 'sale to anyone.   The foreman of the water department of defendant in error testified Drischel was custodian of its property there but had no authority or permission to sell gasoline.   Roy Watkins testified that he, Roscoe Ruhlon, Odie Jones and two girls were riding in an automobile the night of August 11, 1917, and about 10:30 they went to the pumping station where Drischel was employed, woke him, called him out and said they wanted some gasoline; that it was an emergency case.   Drischel went to the oil house, unlocked the door and began filling a can with gasoline.   Ruhlon gave witness a revolver and told him to lock Drischel up in the oil house.   After the oil was brought out Ruhlon took the revolver and tried to lock Drischel in the oil house, but he forced his way out and a scuffle ensued, during which Drischel was shot.   Watkins testified when Ruhlon drew his gun Drischel told him to quit fooling, take the oil and go on, but fearing Drischel might telephone the police it was thought best to lock him in the oil house, as they did not

intend to pay for the gasoline. Ruhlon was in the penitentiary at the time of the hearing and Jones in the State reformatory. It was stipulated they would testify they were the other two men in the automobile; that they went to the pumping station to get gasoline and did not intend to pay for it. Drischel at first objected to letting them have it but finally agreed to sell them some. He went to the house where the gasoline was kept, filled a can, and in a controversy that occurred when they refused to pay for it, Drischel was shot and killed.

Defendant in error contends (1) that the injury causing Drischel's death did not arise out of and in the course of his employment but arose out of and in the course of a violation of his duty to his employer, viz., an attempt to sell gasoline, which he had no authority to do; (2) that even if the injury arose out of and in the course of the employment, the duties of Drischel bore such a close relation to interstate commerce as to be a substantial part of it and the Industrial Commission had no jurisdiction.

Plaintiffs in error contend that Drischel was employed in two different capacities, one of which was engineer at the pumping station, the other as custodian of his employer's property at the station, and that the injury and death occurred while he was acting only in the latter capacity, and *Ohio Building Vault Co.* v. *Industrial Board,* 277 Ill. 96, and *Chicago Dry Kiln Co.* v. *Industrial Board,* 276 id. 556, are relied on as supporting the right to compensation. In both of those cases the injured employee was night watchman and was assaulted while in the performance of his duty as such. Conceding Drischel was custodian of the property of defendant in error at the pumping plant and his duty was to protect it against depredations of others, did the injury occur while he was engaged in the performance of that duty? The uncontradicted proof is that he was engaged in selling the property, which he had no right to do. It is argued that the men in the automobile appealed to.

him to sell them gasoline on the ground that it was an emergency case, which was a mere subterfuge, for they had agreed among themselves before going to the station that they would procure it by force or fraud and would not pay for it; that the act was, in effect, a robbery, in resisting which Drischel was killed while trying to protect his employer's property. The proof shows that Drischel consented to sell the automobile party the gasoline. Without any knowledge on his part of their intention not to pay for it he proceeded to fill a can for them, for which he asked one dollar. After securing the gasoline the men in the automobile, or some of them, attempted to lock Drischel in the building where the gasoline was kept, so that they might get away before the police could be called. A scuffle or fight resulted from that attempt, in which Drischel was shot. The shot was not the result of Drischel's efforts to prevent the men from taking his employer's gasoline, for he had procured it for them in the expectation that they would pay for it. He even consented, according to the testimony of Watkins, when one of the men displayed a gun, that they "quit fooling, take the oil and go on." As custodian of his employer's property Drischel's duty was to protect it for the use for which it was kept. He was not discharging his duty as custodian while selling the property. Whatever may have been Drischel's intention with reference to the money he expected to receive for the gasoline cannot alter the situation. His injury and death did not arise out of his duty to protect and preserve the gasoline for his employer's use but resulted from a violation of that duty. This court in several cases has discussed the question when an injury to an employee arises out of and in the course of the employment. In *Central Garage* v. *Industrial Com.* 286 Ill. 291, the court, reviewing authorities, American and English, said: "The adjudicated cases, American and English, so far as we are informed, universally hold that an injury to an employee while engaged in a voluntary act

not accepted by or known to the employer and outside the duties for which he is employed cannot be said to arise out of his employment." The cases decided by this court holding the killing or injuring of a watchman while in performance of the duty of his employment are clearly distinguishable from this case. Under the proof in this case it cannot be said the injury and death of the employee arose out of and in the course of the performance of his duty to his employer.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*