RYAN v. CITY OF PORT HURON.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — ACCI-
DENTAL INJURY ARISING OUT OF EMPLOYMENT—DOG BITE.
  Where a laborer, in the employ of a city, was bitten by
  a dog as he was about to seek shelter in a private garage
  from a rain storm, his injury, which terminated fatally,
  cannot be said to have arisen out of his employment,
  within the meaning of the workmen's compensation act.[1]

Certiorari to Department of Labor and Industry.
Submitted April 27, 1926.    (Docket No. 107.)    De-
cided June 7, 1926.

Helen Ryan presented her claim for compensation
against the city of Port Huron and the General
Casualty & Surety Company, insurer, for the acci-
dental death of her father in defendant's employ.
From an order denying compensation, plaintiff brings
certiorari.    Affirmed.

*Thomas Wellman*, for appellant.
*Charles H. Ruttle*, for appellees.

McDONALD, J.    The plaintiff has brought certiorari
to review an order of the department of labor and in-
dustry.    Her father, James Ryan, was employed by
the city of Port Huron as foreman of a gang of work-
men, whose business it was to cut grass and weeds and
clean the streets.    While thus engaged on August
4, 1924, a rain storm came on and the men sought
shelter in a nearby private garage.    When they were
a few feet from the garage, Mr. Ryan was attacked
by a dog and bitten on the leg.    From the injury re-
ceived he died September 16, 1924.    Catherine Ryan,

[1] Workmen's Compensation Acts, C. J. § 65.
  As to what injuries arise out of and in the course of the em-
ployment within meaning of workmen's compensation act, see
notes in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A.
1918F, 867.

his widow, made claim for compensation, and an award was entered in her favor by a deputy commissioner. Defendants appealed to the board. Subsequently, Helen Ryan, the plaintiff, filed a claim for compensation on the ground that she was wholly dependent on her father at the time of the injury which caused his death. Her claim was also allowed by the deputy commissioner, and the defendants appealed. While the appeals were pending Catherine Ryan, the widow, died. On the hearing the board reversed both awards, holding that:

"1. That the accident to the decedent, James H. Ryan, did not arise out of and in the course of his employment.

"2. That the plaintiff, Helen Ryan, was not a dependent upon the decedent, James H. Ryan, at the time of the happening of the accident."

Did the accident arise out of and in the course of his employment?

In *Hopkins* v. *Michigan Sugar Co.,* 184 Mich. 87 (L. R. A. 1916A, 310), it was said:

"It is well settled that, to justify an award, the accident must have arisen 'out of' as well as 'in the course of' the employment, and the two are separate questions to be determined by different tests, for cases often arise where both requirements are not satisfied. An employee may suffer an accident while engaged at his work or in the course of his employment, which in no sense is attributable to the nature of or risks involved in such employment, and therefore cannot be said to arise out of it."

So, in the instant case, if it may be said that the workmen's act, in seeking shelter from the storm, did not break the employment, and that he was then still in the course of his employment, it does not follow that the accident arose out of the employment. To justify a finding that it arose out of the employment, it must appear that the injury received was a risk to

which he was exposed by the nature of his employment. The test which should be applied in determining this question is stated in *Hopkins* v. *Michigan Sugar Co., supra,* as follows:

"It 'arises out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard. to which the workman would have been equally exposed, apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence."

And in *Thier* v. *Widdifield,* 210 Mich. 355, quoting from an English case, this court said:

"A lineman who, while at his work, is bitten by a snake, will not be allowed to trace his injury to his employment even though he would not have been bitten had he been elsewhere than where his employment called him. * * * It is not enough for the applicant to say, 'the accident could not have happened if I had not been engaged in the employment or if I had not been in this particular place.' The applicant must go further and say, 'the accident arose because of something I was doing in the course of my employment, and because I was exposed by the nature of my employment to some particular danger.' "

Applying the above tests, it is clear that the accident did not arise out of the employment. Being bitten by a dog cannot be traceable to the nature of the employment in which Mr. Ryan was engaged. There was not the slightest causal connection between them. The risk of being bitten by a dog was no greater to him because of his employment than it was to any member of the public, who chanced to be in the locality. The accident did not arise out of his employment. It is not necessary to discuss the question as to plaintiff's dependency.

The order of the board is affirmed, and the writ dismissed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.