Roy D. Gooch, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Guy Gones, Defendant in Error.)

*Opinion filed October 28, 1926.*

1. Workmen's compensation—*injury must be incidental to nature of employment.* For an injury to come within the Compensation act there must be some causal relation between it and the employment, and if the injury is sustained by reason of some cause having no relation to the employment it does not arise out of the employment; and it is not enough that the injured person be present at the place of the accident because of his work unless the injury is the result of some risk of the employment.

2. Same—*general rule as to when injury in street arises out of employment.* Where a workman is sent into the street on his master's business his employment necessarily involves exposure to the risks of the street, and injury from such a cause arises out of his employment, but where the injury arises from some risk of a general nature not peculiar to the street it does not necessarily arise out of the employment.

3. Same—*when injury to iceman does not arise out of employment.* Where an employee, while crossing a sidewalk to inquire if ice was wanted at a certain home, is struck in the eye by an explosive device used by a child in celebrating the Fourth of July, his injury does not arise out of his employment as it is not the result of a risk incidental to the employment nor of a risk peculiar to the street.

Heard, J., dissenting.

Writ of Error to the Circuit Court of Vermilion county; the Hon. Walter Brewer, Judge, presiding.

ACTON, ACTON & SNYDER, for plaintiff in error.

H. M. STEELY, and H. M. STEELY, JR., for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The sole question in this case is whether the injury for which compensation is claimed arose out of the employment of the claimant, Roy D. Gooch. He is a boy eighteen years old, and at the time of his injury, June 18, 1924, was employed by defendant in error, Guy Gones, as a helper on an ice-delivery truck. While walking from the truck to a customer's residence to inquire if ice was wanted he was struck in the left eye by a dart shot from a hammer-like device used by small boys in celebrating the Fourth of July. The accident happened just as Gooch was walking across the public sidewalk. The arbitrator found that the injury did not arise out of the employment, but the commission set aside this finding and entered an award for loss of the sight of an eye. On *certiorari* the circuit court of Vermilion county quashed the record of the Industrial Commission, and the cause is here by leave of court on writ of error.

To be within the Compensation act the accident must have had its origin in some risk of the employment. There must be some causal relation between the employment and the injury. It is not enough that the injured person be present at the place of the accident because of his employment unless the injury itself is the result of some risk of the employment. The injury must be incidental to the nature of the employment. If the injury is sustained by reason of some cause having no relation to the employment it does not arise out of the employment. (*Sure Pure Ice Co.* v. *Industrial Com.* 320 Ill. 332; *Jones Foundry Co.* v. *Industrial Com.* 312 id. 27; *Boorde* v. *Industrial Com.* 310 id. 62; *Mix Dairy Co.* v. *Industrial Com.* 308 id. 549;

*United Disposal Co.* v. *Industrial Com.* 291 id. 480; *Edelweiss Gardens* v. *Industrial Com.* 290 id. 459.) When a workman is sent into the street on his master's business his employment necessarily involves exposure to the risks of the street, and injury from such a cause arises out of his employment, (*Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148,) but where the injury arises from some risk of a general nature not peculiar to the street it does not necessarily arise out of the employment. The injury of plaintiff in error is not in any way traceable to his employment. The firing of the dart-throwing device had no connection with the business of his employer nor was the risk attending the firing of such a device one peculiar to the street. The instrument was one that could be fired any place by striking it upon a solid surface, and there was no more likelihood that a person would be injured by the discharge of such an instrument in the street than on private property. Plaintiff in error seeks to support the award of the Industrial Commission on the theory that his injury arose from a risk peculiar to the street, but we are not impressed with the argument. The hazards of traffic are risks peculiar to an employment which takes an employee into the street, but the same cannot be said of devices used for the amusement of children. Whatever dangers attend the use of these devices are common to all persons coming in contact with children using them and cannot be said to be incidental to the employment of one assisting in the delivery of ice to the public. Under the decisions of this court the circuit court properly quashed the record of the Industrial Commission.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HEARD, dissenting.