## GOOCH's CASE.

Washington.     Opinion April 9, 1929.

*Gelanor L. Gooch,* pro se.
*H. H. Murchie,*
*Robert Payson,* for respondent.

SITTING: WILSON, C. J., DEASY, BARNES, BASSETT, JJ.
PHILBROOK, A. R. J.

PHILBROOK, A. R. J.   This is an appeal by the employer and insurance carrier from the decree of a single Justice confirming an award of compensation under the Workmen's Compensation Act.

On the 18th of February, 1928, the petitioner, regularly employed as a cartoner of sardines by the R. J. Peacock Canning Company at Lubec, Maine, went to her bench as usual to begin her work and was bitten by a dog which was lying under the bench. Neither the company nor the officers of the company had any interest in the animal. It was the individual property of one Mullett who had worked in the factory for about ten years. Emery L. Rice, foreman of the factory, testified that dogs were not allowed on the premises and that he had told Mullett to keep his dog away; that after being so told Mullett kept the animal away for a long time but sometimes it would get out of the Mullett house, come down to the factory, and get into the shed; that whenever it was seen there by Mr. Rice he made it a rule to remind Mullett that he should not have his dog there; that on the day of the accident Rice knew the dog was there, before the biting occurred, but on that particular morning he had not told Mullett to put the animal out.

The appellant admits that the injury was accidental, and that it was suffered in the course of the petitioner's employment, but denies that it arose out of the employment.

In *Westman's Case*, 118 Me., 133, we held that the great weight of authority sustains the view that the words "arising out of" mean that there must be some causal connection between the conditions under which the employee worked and the injury which he received. In *McNichol's Case*, 215 Mass., 497, the Court said, "Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated, by a reasonable person familiar with the whole situation, as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment. But it excludes an injury which can not fairly be traced to the employment as a contributing, proximate cause, and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger

must be peculiar to the work, and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant."

In *Coronado Beach Company* v. *Pillsbury*, 158 Pac., 212, the Court said, "The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work, or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment."

It may be argued that because the foreman of the company, on the morning of the accident, knew the dog was in the factory and did not specifically order its removal at that particular time, the presence of the animal was a menace to safety, a risk, a trap, and hence created a liability known to and permitted by the employer. In *Isabelle* v. *Bode*, 213 N. Y. S., 185, an accident occurred by reason of unruly boys being in a lumber yard and while there threw a piece of wire through an open office door, striking an employee in the eye. The petitioner urged that the employer knew that lawless boys were accustomed to come upon the premises and because they were not excluded it subjected him to a risk which could have been avoided if proper preventive measures had been taken. The employer replied that the boys had no right or business there; that he had caused them to be driven away, and had made a rule that children were not to be allowed upon the premises. The Court held that the boys were trespassers whose presence had been forbidden, that the injury did not arise out of, and was in no wise incidental to, the employment; that no employment brought the injured claimant and the boys together; and especially said, "To hold that the employer ought to have realized that mischievous boys would be likely to harm persons in his office, and should have provided means to *always* guard against intrusion upon the premises by such boys, would put an unreasonable responsibility upon the employer." We approve the reasoning in that case and regard it applicable to the case at bar.

In *Gouch* v. *Industrial Commission*, 322 Ill., 586; 153 N. E., 624, the petitioner was a helper on an ice delivery truck. While walking from the truck to a customer's residence, he was struck in the eye by a dart shot by a small boy. The Court there said, "To be within

the Compensation Act the accident must have had its origin in some risk of the employment. There must be some causal relation between the employment and the injury. It is not enough that the injured person be present at the place of the accident because of his employment, unless the injury itself is the result of some risk of the employment. The injury must be incidental to the nature of the employment. If the injury is sustained by reason of some cause having no relation to the employment, it does not arise out of the employment."

In most cases arising under Workmen's Compensation acts, where right to compensation has depended upon risks incident to the employment, those risks have been occasioned by inanimate conditions, or conditions arising through human agencies, but we are not entirely without precedents where conditions like those at bar have been considered, although no such precedent has yet appeared in the decisions of our court.

In *Rowland* v. *Wright*, 1 Kings Bench Division, 963, we have this situation. The petitioner was a teamster who had taken the horses of his employer to the stable for their midday meal, and he then proceeded to eat his own dinner in the stable. While he was thus eating, a stable cat sprang at him and bit him. He was not teasing the animal, nor was he feeding it on that occasion, although at other times he had thrown bits of food to it. The bite resulted in blood poisoning followed by necessary amputation of a portion of a finger. Cozens-Hardy, M. R., said, "In my opinion this is a reasonably plain case. The workman was employed in a stable. He was taking a meal in the stable where he was entitled to be and which was his proper place. Part of what may be called the necessary furniture of a stable is a stable cat. There is no suggestion that this cat was known to be especially vicious. The employment of the man took him into the stable, where to the man's knowledge and to the knowledge of the employer a cat was habitually kept. If the cat had been a strange cat the case would have presented a totally different aspect, and I hope that nothing I have said will lend itself to the conclusion that if the man had been walking along the street and a cat had bitten him his master would have been liable. The present case is the same as if the man had been an ordinary domestic servant whose duties took him into the place where the cat was.

Neither the employer nor the man expected the cat to bite, but the man's duties took him into the place where the cat was." Farwell, LJ., added, "The cat was part of the farm establishment and the workman was properly in the stable to eat his dinner. If it had been proved that the workman was using his dinner to incite the cat this decision might have been different. Here the evidence is that he was doing nothing but sitting in the stable eating his dinner and the cat sprang at him." In that case the decree awarding compensation was sustained, but it is easily distinguishable from the case at bar where the dog was not kept by the canning company as "necessary furniture" of the factory, was not "part of" the establishment; and moreover the petitioner said, "I must have stepped on him."

In *Ryan* v. *City of Port Huron*, 234 Mich., 648, 209 N. W., 101, a street cleaner, employed by the city, sought shelter from a rain-storm in a nearby private garage. When he was a few feet from the garage he was attacked and bitten by a dog, from which injury he died. His widow made claim for compensation, and like claim was made by a dependent daughter. Both claims were allowed and appeals taken. In both cases the appellate court reversed the decrees and denied compensation on the ground that the accident did not arise out of the employment of the deceased. In that case the court said, "If it be said that the workman's act, in seeking shelter from the storm, did not break the employment, and that he was then still in the course of his employment, it does not follow that the accident arose out of the employment. To justify a finding that it arose out of the employment it must appear that the injury received was a risk to which he was exposed by the nature of his employment."

In support of the latter case, the Court cited *Hopkins* v. *Michigan Sugar Co.*, 184 Mich., 87, 150 N. W., 325; L. R. A., 1916 A, 310, where the opinion of the Court was stated thus: "An employee may suffer an accident while engaged at his work, or in the course of his employment, which in no sense is attributable to the nature of, or risks involved in, such employment, and therefore can not be said to arise out of it."

In *Thier* v. *Widdifield*, 210 Mich., 355, 178 N. W., 16, quoting from an English case, the Court said, "A lineman who, while at his work, is bitten by a snake, will not be allowed to trace his injury

to his employment even though he would not have been bitten had he been elsewhere than where his employment called him. . . . It is not enough for the applicant to say 'the accident could not have happened if I had not been engaged in the employment, or if I had not been in this particular place.' The applicant must go further and say 'the accident arose because of something I was doing in the course of my employment, and because I was exposed by the nature of my employment to some particular danger.' "

It is not sufficient to sustain an award that the employment occasioned the presence of the employee where the injury occurred. *Isabelle* v. *Bode*, supra.

The injury must not only have been received while the employee was doing the work for which he was employed, but in addition thereto such injury must also be a natural incident to the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence, and directly connected with the work. *Heitz* v. *Ruppert*, 218 N. Y., 148; 112 N. E., 750; L. R. A., 1917 A, 344.

If the injury is sustained by reason of some cause having no relation to the employment it does not arise out of the employment. *Gouch* v. *Industrial Commission*, supra.

Applying the above tests to the case at bar, it is clear that the accident did not arise out of the employment. Being bitten by the dog can not be traceable to the nature of the employment in which this petitioner was engaged. There is not the slightest causal connection between them. The risk of being thus bitten was no greater to her, because of her employment, than it was to any member of the public who chanced to be in the locality. *Ryan* v. *City of Port Huron*, supra.

*Appeal sustained.*
*Decree below reversed.*