### SAILY v. 500 BUSHEL CLUB.

WORKMEN'S COMPENSATION—ATTACK BY DEER—INJURY ARISING OUT OF AND IN COURSE OF EMPLOYMENT.

> Employee of club, located in the woods 10 miles from town, who set tables and washed dishes, had finished her work at 1:30 p.m. after a lunch period, was not to be on duty until 5:15 p.m. and went out for a walk where she was attacked and injured by a deer was properly found off duty at the time of the injury, hence, she was not injured in the course of her employment nor did the injury arise out of her employment as she was not exposed to greater hazards of attack by deer than was common to anyone happening in that locality for whatever purpose (CL 1948, § 17.151).

Appeal from Workmen's Compensation Commission.  Submitted October 11, 1951.  (Docket No. 93, Calendar No. 44,739.)  Decided January 7, 1952.

Esther Saily presented her claim for compensation against 500 Bushel Club, employer, and Hart-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 224, 269.

ford Accident & Indemnity Company, insurer, for injuries sustained when attacked by a deer. Award to plaintiff. Defendants appeal. Reversed.

*Charles L. Santini* (*B. E. Larson,* of counsel), for plaintiff.

*Charles M. Humphrey, Jr.,* for defendants.

DETHMERS, J. Defendants appeal from the workmen's compensation commission's award of compensation. Plaintiff was employed by defendant club to set tables and wash dishes. She worked each day before and after the breakfast, lunch and dinner periods. Between those periods she had time off regularly when she was free to do as she pleased. On the day in question she finished her work in connection with the lunch period at about 1:30 p. m., when she went off duty, her time became her own, and she was not to be on duty again until 5:15 p. m. During that free period she was not required to do anything and had nothing to do for her employer, and she was at liberty to leave the club premises, or to remain, as she chose. Accordingly, she and 2 fellow employees left the lodge of the club where they worked and went for a walk, eventually coming to a dump located about one half mile from the lodge. At or near that location a deer attacked her, causing her injuries and the resultant disability for which compensation was awarded. The club is located in the midst of woods about 10 miles from the nearest town, where plaintiff resided.

Defendants contend that plaintiff's injuries did not arise out of and in the course of her employment. It is plaintiff's theory, however, apparently adopted by the commission, that the club was so far from town and her free time in the afternoon of such short duration that, as a practical matter, she

had to remain on the club premises and, therefore, was, in reality, not off duty when injured and that, for that reason, her injury arose in the course of her employment; and, further, that because the deer was known by her employer to be constantly on the premises, attracted by guests who fed and made a pet of it, therefore there was a causal connection between her injury by the deer and her employment in that "her injury  *  *  *  followed as a natural incident of her work because of the exposure occasioned by the nature of her employment."

The commission was in error. It found as a fact that at the time plaintiff was attacked she "had some free time," had "freedom of activity," "was off duty," and that she "was at liberty to leave the premises or to remain there as best suited her fancy." Such finding of facts was supported by the undisputed testimony in the record. There was no evidence to support a contrary finding of facts. In the face of that finding of facts the commission came to the legal conclusion that plaintiff's "freedom of activity" at the time "was more of a theoretical than a practical right, in that the leaving of the premises and making the round trip of some 20 miles to her home just for the fun of doing it would be pointless," and that, therefore, she was in the course of her employment when injured. Such fantastic finding that while plaintiff was, as a matter of fact, off duty, nonetheless, as a matter of law, she was in the course of her employment, finds no sanction in the law. For typical cases holding that one has not received a personal injury "in the course of his employment"* when he sustains such injury while off duty and not engaged in anything for the benefit of the employer or incidental to the employment, see *Furino* v. *City of Lansing*, 293 Mich 211; *Pearce* v.

---

* See CL 1948, § 412.1 (Stat Ann 1949 Cum Supp § 17.151).—
REPORTER.

*Michigan Home & Training School,* 231 Mich 536; *Morey* v. *City of Battle Creek,* 229 Mich 650 (38 ALR 1039); and *Hagger* v. *Tanis,* 320 Mich 295.

Plaintiff's injury did not arise out of her employment.[*] In *Ryan* v. *City of Port Huron,* 234 Mich 648, plaintiff, while engaged in his employment of cleaning streets, sought shelter from a storm in a nearby private garage, in the course of which he was bitten by a dog. We there held plaintiff's injury did not arise out of his employment. This Court said:

"Being bitten by a dog cannot be traceable to the nature of the employment in which Mr. Ryan was engaged. There was not the slightest causal connection between them. The risk of being bitten by a dog was no greater to him because of his employment than it was to any member of the public, who chanced to be in the locality. The accident did not arise out of his employment."

In *Nelson* v. *Country Club of Detroit,* 329 Mich 479, plaintiff, while engaged in caddying on defendant's golf course, sought shelter from a storm under trees and was struck by lightning. In reversing an award of compensation we said:

"There is no showing that plaintiff here was, by reason of his employment, in any way exposed to injuries from lightning other than the community generally in the locality in question or that there was anything about his employment which, through any agency of man, combined with the elements to produce the injury."

So here it was plaintiff's presence in the locality only, and not her work as a dishwasher or anything incidental thereto, which exposed her to the danger. She was not, by reason of her employment as a dishwasher, exposed to greater hazards of attacks by the

---

[*] See CL 1948, § 412.1 (Stat Ann 1949 Cum Supp § 17.151).— REPORTER.

deer than was common to anyone happening in that locality for whatever purpose.

Reversed.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.