440

JOSEPH L. WILLIAMS, JR., Plaintiff and Respondent, v.
GLACIER PARK COMPANY, Defendant and Appellant.
No. 10414.
Submitted June 12, 1962. Decided July 10, 1962.
373 P.2d 517.

Ralph J. Anderson (appeared), Helena, Stanley P. Sorenson
(argued orally), Helena, for appellant.

Rockwood & Sykes, Kalispell, Forrest C. Rockwood (argued orally), for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the ninth judicial district, in and for the County of Glacier, reversing a decision of the Montana Industrial Accident Board. The action is to recover workmen's compensation for injuries resulting from a mauling by a grizzly bear in Glacier National Park.

Glacier National Park is a Federally owned recreation area situated within the borders of the State of Montana. The trails, campgrounds, roads and other things necessary for access to the Park's natural surroundings are the responsibility of the National Park Service. The employer, Glacier Park Company, at the time of the accident, owned and operated hotels and motels in the Park on a concession from the Federal Government. With two exceptions the various hotels and motels are the property of the Company. This includes the buildings comprising the various establishments but not the land.

The claimant, Joseph L. Williams and a friend, intending to go to Alaska to find summer employment, found that they could not enter Canada for lack of sufficient funds so they proceeded to Glacier Park. They entered the Park by paying their entrance fee and there spent the night of June 17, 1959, camping out.

On the next day, June 18, 1959, they decided to seek summer employment in the Park. They were interviewed for this purpose by Eugene Laitela, the Director of Personnel for the Glacier Park Company. During the interview Mr. Laitela told the boys about the animals in the Park, the various recreational aspects of working in the Park, and opportunities to take hikes and trips. From the interview and a later talk with the manager of the motel where he was to work, claimant understood that he would be expected to help out in any way he could if conditions were crowded or his services were needed even when he was technically off duty. The boys signed employment contracts,

and they were employed for service at Swift Current Motel. That afternoon claimant and his friend went to the motel and were told by the manager of the motel that their work would be that of waiters at a wage of $45 a month plus tips and board and room. They were given their evening meal and were assigned to a room in the employees' dormitory.

That evening claimant and another of the young employees, one Bob Winter, decided to go for a hike on Mt. Altyn which lies northerly of the motel. It was during this hike that the boys encountered a grizzly bear which, without provocation, severely mauled claimant. Now claimant seeks to recover workmen's compensation for injuries suffered in the encounter.

The Industrial Accident Board found that the injury occurred away from the employer's premises while the claimant was on personal recreation not connected with his activities as an employee and not incidental to nor required by his employment. From this the Board concluded as a matter of law that the claimant's injury did not arise out of nor was it in the course of his employment.

The decision of the Board was appealed to the district court. The district court did not take further evidence and on the basis of the record set aside the Board's findings that the injury occurred off the employer's premises while the claimant was on personal recreation not connected with his activities as an employee and not incidental to nor required by his employment. The conclusion of the Board that claimant's injury did not arise out of nor was it in the course of his employment was also set aside. The district court then found that the injury occurred while the claimant was on personal recreation contemplated by his employment and concluded that the injury arose out of and in the course of his employment.

The sole question presented by appellant's six specifications of error is whether the district court erred in concluding that claimant's injury arose out of and in the course of his employment.

In Wiggins v. Industrial Accident Board, 54 Mont. 335 at 342, 170 P. 9, L.R.A.1918F, 932, this court said: "The words 'out of' point to the origin or cause of the accident and are descriptive of the relation which the injury bears to the employment. * * * if, by reason of the nature of the employment itself or the particular conditions under which the employment is pursued, the workman is exposed to a hazard peculiar to the employment under the circumstances, and injury results by reason of such exposure, then it may be said fairly that the injury arises out of the employment, or, stated in different terms, the workman must have been exposed by his employment to more than the normal risk to which the people of the community generally are subject, in order that his injury can be said to arise out of his employment."

In Saily v. 500 Bushel Club, 332 Mich. 286, 50 N.W.2d 781, an action was brought to recover workmen's compensation for injuries sustained by one employed by a club to set tables and wash dishes before and after each meal. The employee was attacked by a deer while walking in woods surrounding the club lodge. The employee was off duty and at liberty to leave the employer's premises. It was known by the employer that the deer was constantly on the premises and that guests fed it and made a pet out of it. The court held that the employee's injury did not arise out of her employment. It was her presence in the locality only and not her employment or anything incidental thereto which exposed her to the danger. She was not, by reason of her employment, exposed to greater hazards of attack by the deer than was common to any one happening in that locality for whatever purpose.

Such is the case at bar. We hold that the injury did not arise out of claimant's employment. If the claimant was exposed to any more risk than the other residents or tourists within the park, it was solely by reason of his own act in going for a hike and not by reason of his employment. His employer

did not require him to take the hike nor was claimant performing a duty incident to or connected with his employment.

Under Montana's Workmen's Compensation Act, an injury, in order to warrant compensation, must both arise out of the employment and be received in the course of employment. R.C.M.1947, § 92-614; Wirta v. North Butte Mining Co., 64 Mont. 279, 210 P. 332, 30 A.L.R. 964. Since we hold that the injury did not arise out of the employment, it is not compensable, and it is, therefore, unnecessary for us to consider whether or not the injury was received in the course of employment.

Claimant argues that the injury is compensable since the act which resulted in the injury was one that could reasonably be contemplated by the employment. In applying this test Montana has adopted the rule announced in Employers' Liability Assur. Corp. v. Industrial Acc. Comm'n., 37 Cal.App.2d 567, 99 P.2d 1089, and quoted with approval in Richardson v. J. Neils Lumber Co., 136 Mont. 601 at 609, 341 P.2d 900 at 904, as follows: " 'If the particular act is reasonably contemplated by the employment, injuries received while performing it arise out of the employment, and are compensable. In determining whether a particular act is reasonably contemplated by the employment, the nature of the act, the nature of the employment, the custom and usage of a particular employment, the terms of the contract of employment, and perhaps other factors should be considered. Any reasonable doubt as to whether the act is contemplated by the employment, in view of this state's policy of liberal construction in favor of the employee, should be resolved in favor of the employee'."

But in adhering to the policy of liberal construction enjoined upon this court by R.C.M.1947, § 92-838, we may not interpret the Act so that an employer would be an insurer of his employees at all times during the employment. (Griffin v. Industrial Acc. Fund, 111 Mont. 110, 106 P.2d 346; Sullivan v. Roman Catholic Bishop of Helena, 103 Mont. 117, 61 P.2d 838.)

It is not possible to stretch the broad purposes of the Act to

cover an injury such as this. The claimant was injured off his employer's premises while pursuing recreation for his own pleasure during his free time. It is true that the employer may be said to have contemplated that the claimant would go hiking since it was discussed in connection with the hiring. However, this type of contemplation cannot be extended to acts over which the employer had no direct control and which are not essentially connected to the employment. Liberty Mutual Insurance Co. v. Ind. Acc. Comm'n, 39 Cal.2d 512, 247 P.2d 697.

The mere fact that the employer knew that claimant would go hiking in the Park does not give rise to unlimited coverage under the Workmen's Compensation Act. Rather claimant's activity, pursued as a free time personal diversion, in an area beyond his employer's control, and not incident to nor connected with his employment, must be held to be wholly without the scope of the Act. See Arabian American Oil Co. v. Ind. Acc. Comm'n, 94 Cal.App.2d 388, 210 P.2d 732.

The case of Reinert v. Ind. Acc. Comm'n, 46 Cal.2d 349, 294 P.2d 713, cited by claimant is clearly distinguishable. In that case the claimant was injured off the premises of the employer while horseback riding. The recreation was controlled by the employer and was part of the employee's compensation. The employee was both encouraged and permitted to go riding at lower rates arranged by the employer. The accident occurred during the employee's free time within working hours. In the instant case it cannot be said that the recreational opportunities were a part of the compensation received by the claimant. The employer could not grant or withhold the hiking privileges to the claimant during his free time since the employer had no power to do so. The Park's recreational facilities were equally available to all within the Park.

The findings and conclusions of the Industrial Accident Board were supported by the facts, were correct under the law, and should not have been set aside by the district court.

For the foregoing reasons, the judgment of the district court

is reversed and the findings of fact and conclusions of law and order of the Industrial Accident Board are reinstated.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.