ROM, RESPONDENT, *v.* REPUBLIC COAL CO., APPELLANT.

(No. 7,046.)

(Submitted April 10, 1933. Decided May 4, 1933.)

[22 Pac. (2d) 161.]

*Mr. W. W. Mercer* and *Messrs. Murphy & Whitlock,* for Appellant, submitted a brief; *Mr. Mercer* and *Mr. A. N. Whitlock* argued the cause orally.

*Messrs. Loble & Adair* and *Mr. F. W. Mettler,* for Respondent, submitted a brief; *Mr. Hugh R. Adair* and *Mr. Mettler* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On July 26, 1930, Matt Rom, while working in the mines of the Republic Coal Company, was run down by a train of coal cars. On August 5 the company and the attending physician reported the injury to the Industrial Accident Board only as a crushed right foot, the employer adding "necessitating amputation." On August 20 the attending physician made a second report in which he repeated his statement as

to the injured foot, and added "sprain and contusion of spine, region of last dorsal and first lumbar vertebra." Rom filed his claim for compensation, and on September 11 petitioned the board for determination of disability and for a lump sum settlement, on which petition a hearing was had on December 2, 1930.

On the hearing Rom testified that, in addition to the loss of his foot, he suffered severe pains in his back, which he first noticed within twenty minutes after the accident and which had continued throughout the period. His explanation of the accident is that, while he was working at the end of a coal car, "four empties got away and caught me between the cars and chopped off my foot. I told the motorman to pull back about two feet and I leaped off from between the cars and fell over on some rails." He testified that his back struck the rails. On cross-examination the witness stated that, when he was released from between the cars, he "made a leap" and "must have landed on the bum foot and keeled over on those rails"—a pile of crooked rails lying about five feet back of the place where he was caught between the cars.

The claimant introduced the report of an examination made by Dr. Louis W. Allard, of Billings, on November 12, 1930, in which the back pains are attributed to an injury to the spine and in which the doctor declares: "X-ray pictures give very definite evidence of an old fracture, healed, with callous formation, with [which] involves the articular facets between the fourth and fifth lumbar vertebrae."

Dr. J. H. Garberson, of Miles City, on behalf of the employer testified that his examination and X-ray pictures, of date November 28, 1930, disclosed no evidence of an injury to the spine, but that the spinal condition was due to the fact that the claimant's right leg was one and a quarter to one and a half inches shorter than the left as the result of infantile paralysis in youth; that this shortage caused tilting of the pelvis and curvature of the spine, which in turn caused the condition apparent in the lumbar region. The witness declares that in the four months that had elapsed since the acci-

dent it would have been impossible for the condition shown to have developed from a fracture caused by the accident. The witness further testified that, from the subjective symptoms, the statement of the claimant that he has pain when he gets up in the morning which disappears when he moves about, the pain is caused by strain due to the misplaced spine and short leg.

. The board made its "Decision and Order" on April 1, 1931, adjudging that for the loss of the foot the claimant shall receive "$15.00 per week for a period not exceeding 125 weeks from the date of the happening of the accident," and that "compensation shall cease when the claimant is able to return to work at a time earlier than the expiration of the 125 weeks."

The claimant moved for a rehearing, which motion was denied, and thereupon appealed to the district court. The appeal came on for hearing on July 1, 1931. Counsel for the claimant moved the court for leave to introduce testimony in addition to the record before the court, on the ground that the court should be apprised of the then condition of the claimant, as "it is the duty of the claimant to establish his ability or inability up to the time of the hearing of the cause." The motion was based on "all the files and records and findings in the action." This motion was granted over the objection of the defendant.

Dr. Allard was then called as a witness for the claimant; he testified that he had made several examinations of Rom, the last on June 27, 1931, or four days before the trial. His testimony was but an elaboration of his report received in evidence on the hearing before the board, but he testified further that he was assisted in his last examination by Dr. Bridenbaugh, of Billings, who agreed with him. The witness testified that the claimant suffered a disability by reason of the back injury and that his condition had not improved since the time of the hearing before the board.

Dr. Garberson, called on behalf of the defendant, testified that he re-examined Rom on June 24, 1931, and produced

X-ray pictures which he explained. The witness stated: "My conclusion was quite different from Dr. Allard's." Pointing out an apparent malformation of the spine, he declared: "This bunch or outgrowth * * * was a result of the muscle and tendon pull due to this permanent curvature of the spine, * * * doesn't indicate a fracture but a bony outgrowth there." On cross-examination the witness stated that he would not say that the claimant suffered no injury to his back, but that from his physical examination and the X-ray there is no sign of such injury.

On the record before the board, supplemented by the additional evidence outlined, the court set aside the findings and decision of the board as "not sustained by the evidence and not reasonable under all the circumstances of this case," and made findings to the effect that, in addition to the loss of the foot, the claimant sustained a back injury causing a permanent partial disability. On its findings the court held that the claimant was entitled, as compensation for the loss of his foot, to $15 per week for 125 weeks; to 18 weeks healing period, at $15 per week, and 150 weeks at $15, for the injury to his back, and, finally, that "Matt Rom is entitled to judgment in the total sum of * * * $4,395."

It is first contended by defendant that the court was without authority to receive oral testimony on the trial. On the authority of *Sykes* v. *Republic Coal Co.*, ante, p. 239, 22 Pac. (2d) 157, we hold that no error was committed in this regard.

The claimant contends that the board found that he suffered a back injury but did not award him compensation for that injury, and that, therefore, the award of the court should be sustained. This contention is based on the finding that "such disability as Matt Rom has to the back, if any, is very small and will soon disappear." The finding continues: "There is no fracture that could be found by the physician for either the claimant or the company." This portion of the finding is criticised because Dr. Allard's report was that the X-ray picture "gives very definite evidence of an old fracture,

healed." The statement that Dr. Bridenbaugh agreed was purely hearsay. Dr. Garberson, however, testified that in the period of four months elapsing after the accident, the condition disclosed by the X-ray could not have developed from a fracture then received, and it will be noted that Dr. Allard did not attempt to say that the "old fracture" was caused by the fall on the rails.

The board's finding, while referring to "back injury" *if any*, is in effect a finding that Rom did not receive an injury to his spine at the time of the accident, although he might be suffering to some extent from the condition of his back, and this finding is supported by substantial evidence.

The trial before the court was on the record made before the board, supplemented by additional evidence only for the purpose of showing whether the condition of the claimant had changed between the time of the hearing and trial. The situation differs radically from that discussed in *Mulholland* v. *Butte & Superior Min. Co.*, 87 Mont. 561, 289 Pac. 574.

The Workmen's Compensation Act makes the board the trier of facts and permits a review only by the court, except in cases where, for good cause shown, evidence is permitted in addition to the record before the board. (*Willis* v. *Pilot Butte Min. Co.*, 58 Mont. 26, 190 Pac. 124; *Dosen* v. *East Butte Min. Co.*, 78 Mont. 579, 254 Pac. 880.)

When the case came to the district court, it came with the presumption that the board had decided correctly (*Radonich* v. *Anaconda C. M. Co.*, 91 Mont. 437, 8 Pac. (2d) 658), and on the record made before the board, the district court should not reverse the findings of the board unless the evidence clearly preponderates against them, the board having been in a better position to determine the credibility of the witnesses and the weight to be given to their testimony (*Morgan* v. *Butte Central M. & M. Co.*, 58 Mont. 633, 194 Pac. 496). This rule may not apply with its full force in the instant case, as the doctors practically repeated to the court the evidence given before the board, and whereas Dr. Allard's testimony before the latter was in the form of a written re-

port, he testified in person before the court, but it must be remembered that additional testimony was only offered for the purpose of bringing the facts "down to date," not to establish the facts shown to the board, and further that the court's province was but to *review* the action of the board, on the cold record, for the purpose of inquiring into "the lawfulness of the original order, decision, or award." (Sec. 2959, Rev. Codes 1921, as amended by sec. 10, Chap. 177, Laws of 1929.)

On the record before it, the court erred in setting aside the order and decision of the board, and awarding the claimant additional compensation for the alleged injury to his back.

The court likewise erred in awarding the claimant compensation for a "healing period." The compensation allowed for the loss of a foot, under section 2920, as amended by section 16, Chapter 177, Laws of 1929, is "in lieu of any other compensation provided by this Act"; it is payable over a period of 125 weeks beginning with the date of the accident, which includes the "healing period" of the wound causing the loss of the foot (*Dosen* v. *East Butte Min. Co.*, above), and the loss of the foot is the only injury found by the board, for which compensation is allowed.

It should be noted that the claimant's injury was, in effect, the "loss of a foot at the ankle," which entitled him to compensation for "125 weeks" (sec. 2920, as amended, above), without regard to his ability to return to work within that period and, to this extent, the judgment modifying the order of the board is affirmed. As to the award of compensation for a "healing period" and for the alleged injury to claimant's back, the judgment is reversed.

Mr. Chief Justice Callaway and Associate Justices Angstman, Stewart and Anderson concur.