NICKODEMUS VETSCH, Claimant and Respondent, v. HELENA TRANSFER & STORAGE CO., Employer and Appellant, and GLACIER GENERAL ASSURANCE CO., Defendant and Appellant.

No. 11655.
Submitted Sept. 19, 1969.
Decided Oct. 22, 1969.
Rehearing Denied Nov. 6, 1969.
460 P.2d 757

Hughes & Bennett, George T. Bennett, Helena, argued, for defendants-appellants.

Brazier & Dowling, Geoffrey L. Brazier, Helena, argued, for claimant-respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an industrial accident award. The Industrial Accident Board denied claimant compensation due to his having filed his claim 2 years, 11 months after the accident. On appeal the district court overruled the board. The employer and carrier appeal.

On December 17, 1964 in the course of his employment at Helena Transfer & Storage Company, Nickodemus Vetsch fell on a flight of stairs sustaining alleged injuries to his back and elbow. He continued with his work but due to difficulty with his back he went to see one Dr. J. R. Burgess on January 13, 1965. Dr. Burgess examined him, filed an examining physician's report listing no disability, and pronounced the claimant fit to return to work. The claimant returned to work.

The employer when advised of the accident, with the claimant's help, prepared the employer's first report of injury dated March 2, 1965. This report lists no disability and no loss of time.

In August 1965, the claimant quit his job because of a dispute over salesmens' commissions and entered a course of employment as a heavy construction worker. He worked for 9 firms over a period of 2 years before taking his present job as a guard at the Federal Reserve Bank. At no time after the employer's first report was filed did claimant ever complain to his employer of any difficulty with his back. He did not list the back problem as a reason for quitting that job, nor did he give it as a reason for leaving any of the jobs with the 9 construction firms. The facts are: he finished the job with 5

of the firms, quit 2 of the jobs to obtain more hours of work in another job, and was laid off 2 of the jobs because of inclement weather stopping the work.

In September 1965, a month after leaving his employment with the Helena Transfer & Storage Company, claimant was examined by Dr. Frankel who advised the claimant to lay off the heavy work, to do some exercises he recommended, and never to pick up any thing with his back, but to use his legs. Dr. Frankel did not report finding of any injury to the claimant and did not recommend any treatment in addition to the exercises. During the winter of 1967, the claimant injured or aggravated the back condition while shoveling snow, and again in the spring of 1967 he further aggravate the back condition while gardening.

In June 1967, the claimant underwent physiotherapy and the expenses of this treatment were paid by Glacier General Assurance Company (insurance carrier of Helena Transfer & Storage Company). Claimant was advised before the medical payments were made that any claim for compensation was barred by his long delay in filing notice. On November 14, 1967, claimant filed a claim for compensation. There is no evidence of any loss of wages due to back injury except for the time he was hospitalized for the physiotherapy. He is presently employed at a higher wage scale in a different type of job.

The issue raised on this appeal is whether the district court erred in reversing the findings of the Industrial Accident Board. Resolution of that issue depends on 2 factors. 1. Whether the claimant's back injury is a result of his fall in 1964, or is a result of subsequent strain and aggravation. 2. Whether any latent injury rule or estoppel rule can be applied to the situation presented here to permit the claimant to bring this action at a date admittedly beyond the period permitted by statute.

In order for the claimant to prevail it is necessary for him to prove by a preponderance of the evidence that he suf-

fered an injury as a result of an industrial accident arising out of and in the course of his employment; that the injury was the proximate cause of his present condition. Kerns v. Anaconda Copper Min. Co., 87 Mont. 546, 289 P. 563, Moffett v. Bozeman Canning Co., 95 Mont. 347, 26 P.2d 973.

In his memorandum dismissing the complaint the examiner of the Industriial Accident Board said:

"The evidence reveals that the Claimant was not disabled and continued his employment with Helena Transfer and Storage Company and subsequently with various Construction Companies for a period of about two and one-half years. At no time during this period did he complain to any of his employers concerning his back and did not seek medical attention from September 8, 1965 until June 2, 1967."

Clearly, claimant neither carried the burden of proving he was disabled by the accident in 1964 nor did he prove that fall to be the proximate cause of his present afflictions.

The original appeal to the district court was made on the record of the Industrial Accident Board and no new testimony or evidence was submitted. This Court in numerous cases has held that the district court must affirm the board's order if the evidence does not clearly preponderate against the findings of the board. Likewise, this Court will not reverse the findings of the district court except where the evidence preponderates against it. Becktold v. Ind. Acc. Bd., 137 Mont. 119, 350 P.2d 383.

There is no evidence before the district court which preponderates against the findings of the board; to the contrary there is substantial evidence that the injured back of the claimant is the result of a series of strains and aggravations which only began to affect his working ability after the winter of 1967 when he incurred some strain or aggravation while shoveling snow. The evidence that the claimant engaged in over 2 years of heavy construction work subsequent to his fall at Helena Transfer & Storage Company is strong evidence that

he was not disabled by that fall. The board must be upheld in its determination that the claimant was not disabled in the accident of December 1964.

Claimant based his claim on his accidental fall on December 17, 1964. He first filed his claim on November 14, 1967. This delay of 35 months is clearly in excess of the 12 months permitted by section 92-601, R.C.M.1947. To escape the running of the statute of limitations the claimant asserts 2 defenses (1) that his injury is a latent injury that was not discovered until 3 years after the injury, and (2) that due to the actions of his employer and the carrier they are estopped from pleading the statute of limitations.

Claimant's contention that this is a latent injury which was not discovered until 1967 is the antithesis of the finding of the board and no other evidence was introduced in the district court to merit the overturning of that earlier finding. The district court on appeal from the board is not justified in reversing a finding of the board unless the evidence clearly preponderates against such finding. Rom v. Republic Coal Co., 94 Mont. 250, 22 P.2d 161. Here the district court using only the record made before the board, changed the findings and on the record presented here, erred.

Claimant also contends that the carrier and the employer are estopped to plead the statute of limitations because the employer misled the claimant by withholding information from him. This contention is simply not supported by the record. The board found there was no estoppel. The cases claimant cites in this regard are obviously different than the fact situation present here and they have no application.

There is no estoppel or latent injury rule applicable to the facts in this case which will permit this claim to be brought at this late date. We hold that the claimant is barred by the provisions of section 92-601, R.C.M.1947.

The judgment of the district court is reversed and the case dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES CASTLES and HASWELL, and the HONORABLE THOMAS DIGNAN, District Judge, concur.