No. 12967

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

_____

DOROTHY McQUISTON,

Claimant and Respondent,

-vs-

HALE HUBBARD AND GLACIER GENERAL ASSURANCE
COMPANY, Employer,

Defendant and Appellant,

DIVISION OF WORKMEN'S COMPENSATION
Claim No. 59B-10128

_____

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Brown and Gilbert, Bozeman, Montana
William E. Gilbert argued, Bozeman, Montana

For Respondent:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Richard Andriolo argued, Bozeman, Montana

_____

Submitted:  June 13, 1975

Decided:  AUG 7 1975

Filed: AUG 7 1975

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Gallatin County, which reversed an order of the Workmen's Compensation Division of the Department of Labor and Industry.

Hale and Vivian Hubbard are the lessees and operators of Bair's Cafe in Bozeman, Montana. Dorothy McQuiston, hereinafter referred to as claimant, was a long time employee of the Hubbards. She claims that on or about August 1, 1973, she slipped on a wet floor at the restaurant and twisted her back.

During the summer of 1973, Hubbards were required to be absent from Bozeman due to health problems of Vivian Hubbard. Hubbards hired one Carrol Hovland, a school teacher, to be assistant manager of the cafe in their absence. They explained to the employees that Hovland would be the assistant manager and would generally be in charge. On July 17, 1973, Vivian Hubbard left Bozeman for Portland.

Claimant testified that on or about August 1, 1973, she was working and while going into the cafe's kitchen, she slipped on some water which had leaked onto the floor from a dishwashing machine. She did not fall to the floor but caught herself on the dishwashing machine. Claimant testified the only person present when she slipped was a young man washing dishes who witnessed the accident.

Claimant testified she experienced a sharp pain in her left hip that day, which continued to bother her the next day at work. She did not know the cause of the pain, but attributed it to the rushing around she did at work. She never reported the matter to Mr. Hovland, the assistant manager. Thereafter claimant went on vacation and returned to her regular employment on August 16, 1973.

Claimant's date of the alleged accident, August 1, 1973, was disputed. Employee time cards, offered at the Division's

- 2 -

hearing, established that the last day claimant worked prior to taking her vacation was July 27, 1973. Claimant testified she orally reported the accident to Mrs. Hubbard on or about August 16, when Mrs. Hubbard returned from Oregon, while they were having a cup of coffee at the cafe.

Mrs. Hubbard testified she did not return from Oregon until August 18, (verified by the airline ticket admitted at the district court hearing) and to the best of her recollection never went into the cafe until late August or early September, because she was recuperating from her operation. Mrs. Hubbard did remember a conversation with claimant, but testified "I am really sorry to say this but she [claimant] did not ever report to me of an injury."

The record indicates claimant worked a normal schedule at Bair's Cafe from August 16 until August 30, 1973, at which time she quit due to a personal matter not involving work or the alleged accident. She then worked a 40 hour week on a regular basis at the Pines Cafe in Bozeman from September 8 until October 20, 1973. Claimant began seeing doctors about a back pain in September and treatment culminated in an operation on November 5, 1973, at which time a vertebral disc was removed.

On April 19, 1974, Dorothy McQuiston filed a claim for compensation with the Industrial Accident Board alleging an injury occurring on August 1, 1973, while employed by Hale Hubbard at Bair's Cafe, Bozeman, Montana. Answer was filed by the employer and defendant insurance carrier denying all material allegations of the claim, and affirmatively alleging claimant had not given written notice of the alleged injury to the employer within sixty days thereof, as required by section 92-807, R.C.M. 1947. Further, that neither the employer nor his managing agent or superintendent in charge, had actual knowledge of the alleged accident and injury and, in fact, had

no knowledge thereof until notified of claimant's claim for compensation on April 29, 1974.

Pursuant to stipulation of counsel at the time of the original hearing before the Workmen's Compensation Division and in accord with subsection 8, section 24-3.18(14) - S18030 of the Montana Administrative Code relating to hearings before the Department of Labor and Industry of workmen's compensation cases, it was agreed that the hearing on June 25, 1974, was for the sole purpose of determining liability. All issues relating to compensation and disability were reserved to be heard at a later date. On August 19, 1974, Roger K. Hazell, Hearing Examiner, entered his findings of fact and conclusions of law and on September 6, 1974, the findings of fact and conclusions of law were adopted by the Division and its order awarding compensation was entered. The findings, conclusions, and order contained provisions determining disability and awarding compensation.

A timely application for rehearing on all issues was filed by the employer. On October 7, 1974, an order granting a limited rehearing on the questions of disability and compensation was entered by the Division. A notice of appeal was filed by the employer to the district court from that portion of the Division's order finding a compensable injury and that claimant had given notice as required under section 92-807, R.C.M. 1947. On November 25, 1974, by stipulation of counsel, this matter was submitted to the district court for decision on the record of the Division as certified to the court by it with the addition of defendants' court Exhibit "A", an airline ticket.

On December 27, 1974, the district court entered its findings of fact and conclusions of law reversing the Division. It found the evidence was insufficient to establish that the claimant Dorothy McQuiston had suffered an industrial accident as alleged in her claim for compensation and that, even if such an accident had occurred,

- 4 -

she was still barred from receiving compensation by her failure to comply with the provisions of section 92-807, R.C.M. 1947.

From the final judgment of the district court, claimant appeals.

The only issue presented to this Court for review is-- Did the district court abuse its discretion in reversing the decision of the Division without taking additional testimony?

In Hurlbut v. Volstead Kerr Co., ____Mont.____, ____P.2d ____, 32 St.Rep. 752, 755, this Court said:

> "The findings of fact and conclusions of law of the Workmen's Compensation Division are presumed to be correct and if supported by credible evidence must be affirmed. Section 92-822, R.C.M. 1947 * * *.

> "This presumption can be overcome however. Section 92-834, R.C.M. 1947, provides that on appeal from the Division the district court has authority to determine

> "' * * * whether or not the board regularly pursued its authority, and whether or not the findings of the board ought to be sustained, and whether or not such findings are reasonable under all the circumstances of the case.'

> "Section 92-834 also provides the district court may, upon good cause shown, admit additional evidence. Section 92-835, R.C.M. 1947 and Montana case law hold that if this additional evidence is substantial, the district court may be justified in reversing the Division even though the evidence adduced before the Division clearly preponderates in favor of its order. * * *"

The burden is on claimant to establish by a preponderance of the evidence that the injury resulted (a) from an industrial accident, (b) arising out of, and (c) in the course of his employment. Kerns v. Anaconda Copper Min. Co., 87 Mont. 546, 289 P. 563; Moffett v. Bozeman Canning Co., 95 Mont. 347, 26 P.2d 973. To prevail under the foregoing rule, it is necessary for claimant to prove by a preponderance of the evidence that she suffered an injury by an industrial accident, and that the injury was the proximate cause of her present condition.

At the hearing before the Division the only evidence presented

as to the occurrence of an accident, was that of claimant. The dishwasher who allegedly witnessed the slip was never identified, was not called to testify, and no reason was ever proferred why he could not be produced to testify. No testimony was taken from any of the doctors who treated claimant. There was no medical testimony which could relate the type of surgery performed by the doctors on claimant (removal of a vertebral disc) to a slip on a wet floor as described by claimant, and at a time approximate to August 1, 1973, as opposed to a much earlier or later time period. Claimant had previously injured her back in 1967.

Section 92-807, R.C.M. 1947, provides:

> " * * * within sixty (60) days after the occurrence of [an industrial accident], which is claimed to have caused the injury, notice in writing * * * shall be served upon the employer or the insurer * * *; provided, however, that actual knowledge of such accident and injury on the part of such employer or his managing agent or superintendent * * * shall be equivalent to such service."

Claimant admitted the only person she reported the incident to during any period of time was to Mrs. Hubbard on or about August 16, 1973. The only testimony regarding this oral notification to Mrs. Hubbard is from claimant. This testimony is uncorroborated and is denied by Mrs. Hubbard. However, the statute demands written notice within 60 days, unless the employer or his managing agent or superintendent has actual knowledge.

From a complete review of the record and the law, we must conclude the evidence clearly preponderates against the Division's findings, conclusions, and order. The district court did not err in reversing the Division's order.

The judgment of the district court is affirmed.

_____
Justice

- 6 -

We concur:

_____
Chief Justice

Justices