No. 13845

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

———————————

GEORGE CLARK,

Claimant and Appellant,

-vs-

HILDE CONSTRUCTION COMPANY, Emloyer,

and

TRAVELERS INSURANCE COMPANY,

Defendant and Respondent.

———————————

Appeal from:   Workers' Compensation Court,
               Hon. William E Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Charles E. Snyder, Billings, Montana

    For Respondent:

        Crowley, Haughey, Hanson, Toole and Dietrich, Billings,
        Montana
        H. Elwood English, Billings, Montana

    Cause Submitted on briefs;   March 3, 1978, 1978

———————————

                                Decided:   MAR 2 8 1978

Filed: MAR 2 7 1978

*Thomas J. Kearney*
                            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

Claimant appeals the decision of the Workers' Compensation Court, dated April 27, 1977, denying compensation for an alleged injury suffered in the course of his employment on July 11, 1975.

On Friday, July 11, 1975, at approximately 4:00 to 4:30 p.m., claimant was changing a tire on a truck he was operating for Hilde Construction Company, at a job site 7 or 8 miles north of Lame Deer, Montana. Claimant testified that while changing the tire, he felt something "slip" in his back. He received assistance from another worker, and proceeded to complete his daily route. Claimant then drove to his home in Absarokee, Montana. He testified that when he arrived, he experienced serious pain in his lower back, and could hardly walk.

Claimant's wife, the sole witness to see claimant during the period of time immediately following the injury, returned to the family home in Absarokee on Sunday, July 13, after a weekend in Idaho Falls, Idaho. She testified claimant was in a great deal of pain and could not stand erect.

On Monday, July 14, claimant attempted to contact his foreman concerning the injury, but was unable to reach him. He then reported the injury to the secretary of his union, so that a replacement worker would be located. Hilde Construction Company received notice of the injury by claimant's claim for compensation, dated August 22, 1975, and received by its carrier, Travelers Insurance Company on August 25, 1975.

Following the injury, claimant consulted and was treated by numerous physicians, neurosurgeons, orthopedic specialists and chiropractors. The diagnoses of the respective physicians are not clear regarding the nature of claimant's disorder. While some physicians conclude claimant manifests symptoms of multiple sclerosis, others diagnosed the condition as spondylolisthesis-- a defect in or lack of solid bone in portions of the spine, usually in the lower spine.

The cause came on for hearing before the Workers' Compensation Court on November 4, 1976. In its findings of fact and conclusions of law, the Workers' Compensation Court denied compensation to claimant, finding:

> "Claimant failed to prove by a preponderance of the credible evidence that he suffered an industrial accident resulting in a compensable injury that satisfies the requirements of Sections 92-418 <u>Injury or injured defined;</u> and 92-614(1) '* * * <u>an injury arising out of and in the course of his employment</u> * * *'."

The determinative issue on this appeal is whether claimant suffered a compensable "injury" within the course of his employment. We hold the Workers' Compensation Court was correct in concluding he did not.

Section 92-418(1), R.C.M. 1947, sets forth the definition of "injury" for purposes of compensation as:

> "(1) a tangible happening of a traumatic nature from an unexpected cause, or unusual strain, resulting in either external or internal physical harm, and such physical condition as a result therefrom and excluding disease not traceable to injury * * *."

To establish a compensable injury, a claimant must prove, by a preponderance of the evidence, that the condition was proximately caused by a tangible happening of a traumatic nature from an unexpected cause, or unusual strain. McAndrews v. Schwartz,

(1974), 164 Mont. 402, 523 P.2d 1379. Where a claimant's disorder or disability is the result of a disease not traceable to a work related injury, it is, as a general rule, not compensable under the language of section 92-418(1). McAndrews v. Schwartz, supra; LaForest v. Safeway Stores, Inc., (1966), 147 Mont. 431, 414 P.2d 200. We find claimant failed to satisfy his burden of proving "injury".

The bulk of the medical evidence tends to establish that claimant's symptoms are the result of multiple sclerosis, a disease which, as presently understood, is not traceable to an "injury" such as that claimant purports to have suffered. Indeed, claimant admitted having been treated for symptoms commonly associated with multiple sclerosis one year prior to the accident. Claimant simply failed to prove, by a preponderance of the evidence, that his physical condition was proximately caused by an industrial injury.

At the hearing of November 4, 1976, Dr. Howard E. Hultgren, a Billings chiropractor who had treated claimant, testified he was of the opinion that claimant was suffering from spondylolisthesis. Dr. Hagen, a Billings orthopedist, also testified by way of deposition, that claimant was suffering from spondylolisthesis, but the condition had existed prior to the accident as revealed by a comparison of X-rays taken both before and after the accident. Thus, the Workers' Compensation Court could well have concluded the complained of physical condition, even if not considered a "disease", predated the accident.

It is of course the rule, urged by claimant, that an employee who suffers from a preexisting condition is entitled to compensation if the condition was aggravated or accelerated by

an industrial injury. Rumsey v. Cardinal Petroleum, (1975), 166 Mont. 17, 530 P.2d 433; Gaffney v. Industrial Accident Bd., (1955), 129 Mont. 394, 287 P.2d 256; Weakley v. Cook, (1952), 126 Mont. 332, 249 P.2d 926. However, the critical shortcoming of claimant's case, even assuming, arguendo, the preexisting condition and the existence of the symptoms complained of, is his failure to establish the occurrence of a work related injury.

Claimant's ultimate failure of proof of a work related injury is evident, when considering the evidence he failed to introduce. Claimant clearly failed to establish that the injury had "arisen out of and in the course of his employment" as required by section 92-614(1), R.C.M. 1947. Williams v. Glacier Park Co., (1962), 140 Mont. 440, 373 P.2d 517.

Claimant failed to locate and produce the co-worker who allegedly assisted him in changing the tire following the claimed accident. In addition, the union secretary to whom the accident was reported on Monday, July 14, 1975, was not located, produced at trial, nor deposed, although claimant was afforded a 30 day period following the hearing to do so. Therefore, despite the availability of proof, claimant produced no witnesses to corroborate his obviously self-serving testimony concerning the occurrence of the injury during the course of his employment.

Where weaker evidence is offered, and it appears it was within the power of the offering party to produce stronger and more satisfactory evidence, the offered evidence, i.e. claimant's testimony regarding the injury, is to be viewed with distrust. Section 93-2001-1, R.C.M. 1947. Further, section 93-1301-7, R.C.M. 1947, establishes the following presumptions:

"5. That evidence willfully suppressed would be adverse, if produced.

"6. That higher evidence would be adverse from inferior, being produced."

Given the rules of evidence noted above, we conclude the Workers' Compensation Court could properly infer the testimony not produced would be adverse to claimant's position on the issue of whether the injury arose out of the course of his employment.

The decision of the Workers' Compensation Court denying compensation is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

_____
Hon. Bernard Thomas, District Judge, sitting.