MR. JUSTICE HARRISON,
dissenting:
I respectfully dissent.
I do not find claimant, Betty Hutchison, carried the burden of proof with respect to the job-related character of her injury. She could not relate the injury to any particular time of day nor to any specific task she performed on that day. None of her co-workers *94 was aware that she had injured her back while working. In addition, claimant told her foreman she had injured her back changing a flat tire. The majority states: “This testimony does not establish [that] claimant was not injured in the manner in which she testified.” (Emphasis added.) But it is not necessary for an employer to prove that an employee was not injured —that would place an unreasonable burden on the employer. One claiming to have been injured on the job has the burden of proving such an injury. Vetsch v. Helena Transfer & Storage Co. (1969), 154 Mont. 106, 460 P.2d 757.
The majority does not properly assess the significance of section 92-418(1), R.C.M.1947 (Supp.1977). According to the statute, an injury must be:
“(1) a tangible happening of a traumatic nature from an unexpected cause, or unusual strain, resulting in either external or internal physical harm, and such physical condition as a result therefrom * * *.” (Emphasis added.)
Claimant, in the instant case, has failed to show a “tangible happening” which meets the requirements of this Court’s test stated in Hurlbut v. Vollstedt Kerr Co. (1975), 167 Mont. 303, 306-07, 538 P.2d 344, 346:
“ * * * there are two elements in the statute which must be met (1) there must be a tangible happening of a traumatic nature, and (2) this must be shown to be the cause of physical harm.”
Apart from the question of whether this was a compensable injury, I think the majority also erred in allowing payment of all the medical bills claimant submitted. By claimant’s own admission, certain bills were included which had no connection with the alleged injury. When asked about her listing three gynecologists with her other treating physicians, claimant admitted:
“Q. The doctors did not see you for your back, did they? A. No.” Furthermore, she submitted bills from at least ten different doctors, yet, there is no allegation that claimant’s original treating physician did not properly treat her. There is no evidence of any emergency necessitating claimant’s going to another doctor. While I *95 admit there are often circumstances apart from those mentioned which might require treatment by another physician, I would impose a rule of reasonableness in seeking a variety of medical opinions.
For these reasons I would reverse the decision of the Workers’ Compensation Court as to liability; or in the alternative, I would reverse the court’s decision regarding allowable medical expenses and remand for further consideration in line with this opinion.