No. 14322

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

JOHN F. VIETS,

                 Claimant and Appellant,

    -vs-

SWEET GRASS COUNTY, Employer,

    and

STATE COMPENSATION INSURANCE FUND,

                 Defendant and Respondent.

_____

Appeal from:  Workers' Compensation Court
              Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        James A. Tulley, Big Timber, Montana

    For Respondent:

        Tim Reardon, Helena, Montana

_____

                 Submitted on briefs:  August 24, 1978

                        Decided: **SEP 13 1978**

Filed: **SEP 13 1978**

_Thomas J. Kearney_
                            Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The Workers' Compensation Court denied claimant compensation for an alleged industrial accident. Claimant appeals. We affirm.

The sole issue on appeal is the sufficiency of the evidence to support the findings of fact, conclusions of law and order of the Workers' Compensation Court.

On September 13, 1976, claimant suffered a sudden jolt or jar when a plank he was prying up on a bridge suddenly broke loose. Within a short time claimant felt some pain in his back and kidney area. For several days thereafter at different times he felt the same pain.

On September 26, 1976, claimant's physician determined that claimant had a kidney stone in his ureter. He was referred to a urological surgeon who removed the stone surgically. Claimant has suffered no physical impairment as a result of removal of the stone.

Claimant sought compensation for the period from September 27, 1976, to November 3, 1976, and medical costs from the State Compensation Insurance Fund. The Workers' Compensation Division, which administers this fund, denied the claim.

Claimant then filed a petition with the Workers' Compensation Court. The case was assigned to a hearing examiner who held a hearing thereon on January 24, 1978.

At the hearing the urological surgeon who removed the stone testified that it was "possible" to displace a stone from the kidney into the ureter by a sudden jolt or jar. He testified that such a stone would probably pass into the ureter in the natural course of events. He admitted that any determination of how the stone passed into the ureter was "speculation".

The hearing examiner entered findings and conclusions stating in substance that claimant had not sustained his burden

- 1 -

of proving by a preponderance of the evidence that the incident of September 13, 1976, was the precipitating cause of passing the kidney stone into the ureter. He denied claimant any compensation or medical benefits.

The Workers' Compensation Court adopted the findings and conclusions of the hearing examiner. Following denial of his motion for rehearing, claimant appeals.

Specifically claimant questions the finding and conclusion that his accident was not the precipitating cause or casually related to the passing of the kidney stone into the ureter.

Our function in this appeal can be described in this language:

> "Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of the evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision." (Citations omitted.) Steffes v. 93 Leasing Co., Inc. (1978), ___ Mont.___, 580 P.2d 450, 452, 453, 35 St.Rep. 816.

Claimant must prove by a preponderance of the evidence (1) that he suffered an injury arising out of and in the course of his employment, and (2) that such injury was the proximate cause of his disabling physical condition. McQuiston v. Hubbard (1975), 167 Mont. 423, 539 P.2d 380; Vetch v. Helena Transfer & Storage Co. (1969), 154 Mont. 106, 460 P.2d 757.

In this case claimant proved that the incident of September 13, 1976, on the bridge was a "possible" proximate cause of the kidney stone passing into the ureter. Medical proof of causation of an injury must be greater than "possible" in Workers' Compensation cases. Clark v. Hilde Construction Co. (1978), ___ Mont.___, 576 P.2d 1112, 35 St.Rep. 353; Erhart v. Great Western Sugar Company (1976), 169 Mont. 375, 546 P.2d 1055; McAndrews v.

Schwartz v. Glacier General Assurance Co. (1974), 164 Mont. 402, 523 P.2d 1379; Stordahl v. Rush Implement Co. (1966), 148 Mont. 13, 417 P.2d 95; LaForest v. Safeway Stores (1966), 147 Mont. 431, 414 P.2d 200.

Claimant argues that this Court has previously accepted evidence of what is medically possible as sufficient proof of the causal relationship between an accident and the resulting injury, citing Close v. St. Regis Paper Company (1977), ___Mont.____, 573 P.2d 163, 34 St.Rep. 1528, and Gaffney v. Industrial Accident Board (1955), 129 Mont. 394, 287 P.2d 256. We disagree.

Neither case is controlling here. Each is distinguishable. In each case, the evidence of what was medically possible was directed at proving aggravation of a pre-existing condition or injury rather than at proving causation of the claimant's disability. We believe that evidence of what is medically possible is more reliable in proving aggravation of an injury or disease than cause and effect.

In Close and Gaffney the claimants had pre-existing conditions. Their industrial accidents combined with their physical condition produced their disability. Under those circumstances, proof that it was medically possible for an industrial accident to aggravate a pre-existing condition is acceptable proof of disability.

Here, claimant did not have any pre-existing condition of passing kidney stones. To accept the evidence offered by claimant as proving proximate cause would be to engage in speculation. We cannot accept proof of what may be possible as proving proximate cause of a disabling condition.

Accordingly, we hold that claimant did not sustain his burden of proving by a preponderance of the evidence that the incident of September 13, 1976, was the proximate cause of his disabling condition. Proof that it was "possible" to displace

a kidney stone into the ureter from a sudden jolt or jar is insufficient under the facts of this case to establish the necessary causal connection between the accident and the injury.

The decision of the Workers' Compensation Court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 4 -