No. 84-313

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

ODEAN L. FROST,

Claimant and Respondent,

-vs-

THE ANACONDA COMPANY,

Employer-Defendant and Appellant.

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Utick, Grosfield & Uda; Andrew J. Utick, Helena,
Montana

For Respondent:

Neil J. Lynch & R. Lewis Brown, Butte, Montana

Submitted on Briefs: March 21, 1985

Decided: June 25, 1985

Filed: JUN 2 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by Anaconda Aluminum Company, from a judgment in favor of claimant, Odean L. Frost, by the Workers' Compensation Court.

On October 21, 1974, claimant was injured while climbing down an ore shovel operating in Anaconda Company's mine in Butte, Montana. Claimant slipped from a ladder on the ore shovel, landing on the track of the shovel with his lower back. Immediately after the accident, he experienced a burning sensation in his lower back. Claimant worked the remaining six hours of his shift. Claimant reported the accident to his supervisor but did not immediately seek medical attention. Claimant continued working for seventeen months until he first sought treatment because of continued back pain and diminished control over his left leg and foot. On March 9, 1976, Dr. Buehler examined the claimant. Dr. Buehler diagnosed claimant's condition as an L5-S1 herniated disc. In August of 1976, Dr. Buehler performed a left L5-S1 disectomy. Claimant testified that the back and leg discomfort continued after the surgery. In March of 1976, the persistent pain forced claimant to cease working for Anaconda Company.

Claimant received benefits from Anaconda Company's "METRO" program, in lieu of Workers' Compensation from April of 1976 until April of 1983, on which date all benefits were terminated. Claimant had not filed a claim for Workers' Compensation within one year following the date of his injury. The Workers' Compensation Court forbade Anaconda Company from asserting the one year statute of limitations as a bar to claimant's recovery of benefits. This Court

affirmed the Workers' Compensation Court's decision in Frost v. Anaconda Company (1982), 198 Mont. 216, 645 P.2d 419, and held that the employer's payment of "benefits substantially comparable to or greater than the benefits available to the . . . employee under the Workers' Compensation Act" tolled the statute of limitations for filing his claim.

On June 13, 1983, a second hearing was held before the Workers' Compensation Court. The claimant was awarded permanent total disability benefits. Anaconda Company appeals from the judgment of the Workers' Compensation Court.

The issue on appeal is whether substantial evidence supports the Workers' Compensation Court's determination that the claimant is entitled to compensation for permanent total disability.

The basic premise of Anaconda Company's appeal is that the claimant failed to meet his burden of establishing a causal relationship between the industrial accident and claimant's low back and leg condition. The Workers' Compensation Court determined that the claimant established causality:

> "The cause of the herniated disc and the surgery it necessitated was the claimant's October 21, 1974 industrial accident . . . the cause of the claimant's continuing back and leg pain is the herniated disc he suffered in his October 21, 1974, industrial accident or from the scarring in the area of the L5-S1 disc protrusion."

Anaconda Company argues that there is a total absence of medical proof to support a finding of causal relationship. Anaconda Company argues that the Workers' Compensation Court improperly relied on claimant's testimony. Anaconda Company further maintains that because the claimant was in error when

3

he testified as to the first date he saw a doctor that this was intentional and made his testimony inherently incredible.

The testimony of two witnesses, Charles E. Buehler, M.D. and the claimant, is critical to the determination of the existence of causal relationship. Anaconda Company submits, because Dr. Buehler's testimony was by deposition, the standard of review should be governed by Shupert v. Anaconda Aluminum Company (Mont. 1985), 696 P.2d 436, 42 St.Rep. 277.

> "'. . . when the critical evidence, particularly medical evidence, is entered by deposition, we have held that "this Court, although sitting in review, is in as good a position as the Workers' Compensation Court to judge the weight to be given to such record testimony, as distinguished from oral testimony, where the trial court actually observes the character and demeanor of the witness on the stand."'" (Citations omitted.) 696 P.2d at 439.

We will adhere to this standard in reviewing Dr. Buehler's deposition testimony. However, in reviewing the testimony of the claimant, deference will be accorded to the Workers' Compensation Court's findings as to weight and credibility.

Section 39-71-119(1), MCA in pertinent part defines an injury as:

> "a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm and such physical condition as a result therefrom and excluding disease not traceable to injury . . . "

The claimant must prove by a preponderance of the evidence:

(1) that he suffered an injury arising out of and in the course of employment; and

(2) that such injury was the proximate cause of his disabling condition. Viets v. Sweet Grass County (1978), 178

4

Mont. 337, 583 P.2d 1070. See also, McQuiston v. Hubbard (1975), 167 Mont. 423, 539 P.2d 380; Vetch v. Helena Transfer and Storage Co. (1969), 154 Mont. 106, 460 P.2d 757.

The standard of review for medical proof of causation cases has been set forth in earlier cases. In Viets

> "Medical proof of causation of an injury must be greater than 'possible' in Workers' Compensation cases. Clark v. Hilde Construction Co. (1978), Mont., 576 P.2d 1112, 35 St.Rep. 353; Erhart v. Great Western Sugar Company (1976), 169 Mont. 375, 546 P.2d 1055; McAndrews v. Schwartz v. Glacier General Assurance Co. (1974), 164 Mont. 402, 523 P.2d 1379; Stordahl v. Rush Implement Co. (1966), 148 Mont. 13, 417 P.2d 95; LaForest v. Safeway Stores (1966), 147 Mont. 431, 414 P.2d 200."

Dr. Buehler's testimony set forth medical symptomatology from which the Workers' Compensation Court could fairly conclude that claimant did suffer an injury:

(i) Upon referral by Dr. Buehler, claimant reported to consulting physicians, Dr. Alexander Johnson and Dr. Cooney, that he took a fall at work. Since the injury he has increasingly suffered back pain radiating to his left lower extremity.

(ii) Dr. Buehler performed a myelogram and diagnosed the claimant's condition as an L5-S1 herniated disc.

(iii) Dr. Buehler performed a left L5-S1 disectomy.

(iv) Dr. Buehler noted that claimant continued to experience back and leg pain. The pain would increase with physical activity. Dr. Buehler concluded that the pain was secondary to the prolonged duration of his herniated disc or to scarring in the area of this disc protrusion.

(v) Dr. Buehler testified that claimant's back and associated leg condition is permanent.

The Anaconda Company has failed to produce any evidence, medical or otherwise, as to the specific cause of claimant's injury. Anaconda Company called no medical witness to disprove causation. The record shows that the claimant had no previous back problems or a history of injury that might even remotely affect his back. Prior to the accident, he was able to perform his job with no orthopedic problems. Dr. Buehler informed Anaconda Company that claimant could not return to heavy labor. The claimant testified that the increased pain associated with physical activity made it difficult for him to walk, to bend or even to climb stairs. The claimant further testified that he presently takes muscle relaxants and analgesics for pain.

Anaconda Company maintains that the Workers' Compensation Court erred in considering claimant's testimony of his continued pain following the accident. We have long recognized the Workers' Compensation Court's right to rely on the testimony of the claimant. McCormack v. Sears-Roebuck & Co. (Mont. 1984), 682 P.2d 1357, 41 St.Rep. 979; Robins v. Anaconda Aluminum Co. (1978), 175 Mont. 514, 575 P.2d 67. The Workers' Compensation Court's own finding that the claimant was a credible witness and not a malingerer further discounts Anaconda Company's allegation. The record shows a conscientious working man, who although injured on the job, chose to complete his work day and endure pain for six additional hours. The fact that he did not seek medical attention for seventeen months following the accident does not lessen the injury nor minimize the pain he experienced. The medical evidence, including Dr. Buehler's testimony and the herniated disc trauma itself, establishes a firm basis for claimant's complaints of pain.

We hold the record supports the Workers' Compensation Court's findings and conclusions that a causal relationship between the accident and the resulting physical disability was sufficiently established.

Accordingly, the judgment of the Workers' Compensation Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7