No. 86-598

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

CAROL LAKEY,

           Claimant and Respondent,

    -vs-

KERRIAN'S d/b/a HERBERGERS, Employer,

    and

SAFECO INSURANCE COMPANY,

        Defendant and Appellant.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; Lon Holden,
        Great Falls, Montana

    For Respondent:

        Hartelius & Ferguson; Channing Hartelius, Great Falls,
        Montana
        Utick & Grosfield; Norman H. Grosfield, Helena, Montana

---

Submitted on Briefs:  May 22, 1987

Decided:  August 18, 1987

Filed:  AUG 18 1987

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court

Safeco Insurance Company appeals a Workers' Compensation Court order which awarded temporary total disability benefits to the claimant, Carol Lakey. The two issues on appeal are (1) whether substantial evidence supports the lower court's finding that claimant's knee condition is compensable, and (2) whether substantial evidence supports the court's finding that claimant had not reached maximum healing. We affirm.

In July 1983, while working as a shoe salesperson at Herbergers Department Store in Great Falls, claimant suffered an injury to her right knee. The injury arose out of and in the course of claimant's employment at Herbergers. She went to the Deaconess Hospital Emergency Room where hospital personnel took X-rays, prescribed an anti-inflammatory drug and recommended that claimant see an orthopedic surgeon.

In August 1983, orthopedic surgeon Dr. John Avery examined claimant's knee and diagnosed the injury as a probable torn medial meniscus. On August 16, 1983, Dr. Avery performed a diagnostic and operative arthroscopy on claimant's right knee. At that time, he found a torn medial meniscus (cartilage) and performed a partial meniscectomy on the knee. Claimant testified at trial that after surgery the pain in her knee decreased for four or five months and then started getting worse. She also testified that during the six months after surgery, the pain did not disappear completely. Dr. Avery saw claimant again in October 1983 and noted that her knee was essentially normal except for mild medial joint-line pain.

Dr. Avery next saw claimant in January 1985 when she went to him complaining of increased pain in her right knee. Dr. Avery again performed a diagnostic arthroscopy of

2

claimant's knee. He did not find the recurrent tear of the medial meniscus which he had suspected, but he did make a diagnosis of chondromalacia (a form of arthritis) of the right knee. Following the January 1985 arthroscopy, claimant continued to experience some pain in her right knee. She returned to work at Herbergers in March 1985 but experienced difficulty performing the tasks required of her job. Dr. Avery testified that claimant's work, which involved kneeling and squatting, aggravated the chondromalacia to some extent. In March 1985, Dr. Avery calculated that under the American Medical Association guidelines and due to the meniscectomy on the right knee, claimant had a 10% partial permanent impairment of the right lower extremity which converted to a 4% partial permanent impairment of the whole person. In June 1985, apparently for the first time, Dr. Avery diagnosed chondrocalcinosis in claimant's right knee. He stated that there is no permanent impairment in relation to either diagnosis of chondromalacia or chondrocalcinosis. The doctor also opined that both conditions predated the July 1983 injury. In November 1985, claimant resigned her job with Herbergers because of the pain in her right knee.

Although the insurer had paid temporary total disability benefits to claimant at times following her injury, a dispute developed between the insurer and claimant as to the extent of the former's liability. The claimant filed a petition with the Workers' Compensation Court to resolve the dispute and her case was heard in April 1986. The court found that claimant was entitled to temporary total disability benefits and this appeal followed.

The first issue is whether substantial evidence supports the lower court's finding that claimant's knee condition is compensable. This Court will not substitute its judgment for that of the Workers' Compensation Court where there is

3

substantial evidence to support that court's findings of fact. Bremer v. Buerkle (Mont. 1986), 727 P.2d 529, 43 St.Rep. 1942. The law in Montana is that,

> when claimants have preexisting conditions, that combined with their industrial accidents produce their disability, <u>acceptable</u> <u>proof</u> <u>of</u> <u>disability</u> is <u>proof that it was medically possible for an industrial accident to aggravate a preexisting condition</u>. (Emphasis added.)

Tocco v. City of Great Falls (Mont. 1986), 714 P.2d 160, 164, 43 St.Rep. 310, 315; citing Viets v. Sweet Grass County (1978), 178 Mont. 337, 583 P.2d 1070.

The insurer insists that there is no evidence that claimant's disabling pain in 1986 resulted from the July 1983 accident. The insurer relies heavily on Dr. Avery's statement that claimant's pain "apparently" did resolve after the August 1983 meniscectomy. We find little merit in these arguments. In this case, Dr. Avery repeatedly stated that it was possible that claimant's July 1983 accident aggravated her preexisting conditions of chondromalacia and chondrocalcinosis. At one point, the doctor even stated that it was probable that the injury aggravated the two conditions. He explained that "the tear of the medial meniscus was torn at that time, which set up an irritative phenomena within the knee, and irritation set off or flared up these conditions, particularly the chondromalacia, I think." Further, there is abundant evidence in the record that the pain in claimant's knees, which prevents her from working as a shoe salesperson, is caused by chondromalacia and/or chondrocalcinosis. Dr. Avery agreed that the pain in this patient related to those two conditions. Finally, claimant stated that prior to the injury she had no problems with her knees and that since the injury, the pain has never

4

gone away completely. Therefore, we affirm the decision that the claimant's present knee condition is compensable.

The second issue is whether substantial evidence supports the lower court's decision that claimant had not reached maximum healing. The insurer argues that under § 39-71-116(19), MCA, claimant cannot have a temporary total disability because her injury had reached its maximum point of healing. The lower court disagreed and found that maximum healing had not been reached. The court correctly pointed out that Dr. Avery did not testify that maximum healing had been reached. Moreover, in April 1986, claimant testified that since August 1983, the pain in her knee has never gone away and has, in fact, gotten worse. We uphold the court's determination that claimant had not reached maximum healing. Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5