No. 88-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

MICHAEL E. SCHRAPPS,

        Claimant and Appellant,

   -vs-

SAFEWAY STORES, INC., Employer,
     and
HOME INSURANCE COMPANY,

        Defendant and Respondent.



---

APPEAL FROM:  The Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Leonard J. Haxby, Butte, Montana

    For Respondent:

        Alan L. Joscelyn; Gough, Shanahan, Johnson & Water-
man, Helena, Montana

---

Submitted on Briefs:  June 1, 1989

Decided:  August 8, 1989

Filed:

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case comes on appeal from a judgment entered by the Workers' Compensation Court, the Honorable Timothy Reardon presiding, which concluded the claimant, Michael Schrapps, was not entitled to permanent partial disability benefits under § 39-71-703, MCA. We affirm.

Claimant injured his lower back on December 20, 1977, while employed by Safeway Stores, Inc., as a forklift operator at its Butte, Montana warehouse. The injury occurred when Mr. Schrapps was pinned between his forklift and an iron beam. After the accident, claimant was taken to St. James Community Hospital and treated for injuries to his stomach and back. The employer accepted liability for the injury and paid temporary total disability compensation and medical benefits from the date of injury through July 4, 1978.

In February, 1978, the claimant returned to his job with Safeway. However, he was able to work only four hours, and claimed lower back pain prevented him from performing his usual job duties. Since the accident, claimant has been employed as a car salesman.

After his initial hospitalization and doctor's release to return to work, claimant complained of radiating lower back pain and numbness in his left leg. Thereafter, claimant sought treatment with numerous physicians, orthopedic surgeons, neurosurgeons and chiropractors. He also underwent an extensive evaluation at the University of Washington Medical Center in Seattle, Washington.

Claimant filed a petition for hearing against Safeway Stores, Inc. and its insurer in March, 1987, alleging a continued physical limitation due to his 1977 injury. On

July 25, 1988, the Workers' Compensation Court entered judgment, in which it concluded the medical evidence shows claimant's reduction in earnings was not due to his 1977 industrial injury. The court stated the medical reports uniformly failed to reflect objective evidence to support the claimant's contention.

On review, claimant challenges the Workers' Compensation Court's decision. He argues the judgment is not supported by substantial evidence. We disagree.

This Court will not substitute its judgment for that of the Workers' Compensation Court concerning the credibility of the witnesses or the weight to be given their testimony. Where the findings are based on conflicting evidence, our function of review is confined to determining whether there is substantial evidence to support such findings. Ridenour v. Equity Supply Co. (1983), 204 Mont. 473, 483, 665 P.2d 783, 788. However, the instant case deals primarily with deposition testimony, which allows this Court to examine the evidence more closely:

> "[W]hen the critical evidence, particularly medical evidence, is entered by deposition, we have held that 'this Court, although sitting in review, is in as good a position as the Worker's [sic] Compensation Court to judge the weight to be given to such record testimony, as distinguished from oral testimony, where the trial court actually observes the character and demeanor of the witness on the stand.'"

Frost v. Anaconda Co. (1985), 216 Mont. 387, 389, 701 P.2d 987, 988, quoting Shupert v. Anaconda Aluminum Company (1985), 215 Mont. 182, 187-88, 696 P.2d 436, 439.

Initially, claimant has the burden of proving a causal connection by a preponderance of the evidence. "Evidence demonstrating only a medical possibility 'does not mandate

the conclusion that the claimant has met his burden of proof under the Act.'" Brown v. Ament (Mont. 1988), 752 P.2d 171, 174, 45 St.Rep. 508, 512, citing Currey v. 10 Minute Lube (Mont. 1987), 736 P.2d 113, 116, 44 St.Rep. 790, 793. The medical evidence does not reveal structural or neurological abnormalities which support claimant's subjective complaints. A brief examination of the medical reports illustrates this point:

> IMPRESSION: (1) No evidence of organic neurologic disorder. (2) Low back pain and leg paresthesias described, etiology undetermined. The distribution of the lumbar pain might suggest a low back strain but this is not supported by the lack of any relationship to physical activity or posture and the lack of muscle spasm, etc. Also the duration of symptoms unchanged approaching six months suggests low back strain as unlikely. [Report of Dr. Johnson, June 7, 1978.]

> Mr. Schrapps has been seen by me on numerous occasions with a vague complaint of low back pain over the entire back. I have examined him on numerous occasions and find no reason for his low back pain. [Report of Dr. Murphy, June 19, 1978.]

> In my opinion, on his last visit there was no permanent impairment, and I could find no organic basis to substantiate his subjective complaints at that time. [Report of Dr. Blom, September 22, 1978.]

> As a result of my examination, I am not able to find any significant orthopaedic impairment in this patient. He does have significant nonorganic signs (i.e., overreaction and nonanatomical sensory change . . .) I feel that no further treatment is indicated. [Report of Dr. Friedrick, September 16, 1987.]

4

After an extensive examination, the University of Washington Medical Center was also unable to locate an objective cause for claimant's complaints. Claimant's only support rests with the testimony of Dr. Baggenstos, a neurosurgeon who first examined the claimant in 1985. Dr. Baggenstos stated that claimant had chronic back pain with localized back tenderness. However, in accord with the other physicians, Dr. Baggenstos could not identify solid, objective evidence to support the claimant. Dr. Baggenstos' diagnosis did not result from diagnostic studies, such as myelograms and x-rays, but rather from claimant's statements to him during the various medical examinations.

Numerous physicians examined the claimant following his industrial injury, and without exception all were unable to medically explain claimant's complaints. We find that the claimant has not proved by a preponderance of the evidence that his lower back problems were caused by the 1977 industrial injury.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

5